# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, *ss.*

SUPERIOR COURT
CIVIL ACTION NO.

)
ROBERT BROWN,                                              )
        Plaintiff,                                      )
v.                                                                      )
CITY OF CHELSEA, LEONARD ALBANESE,     )
in his official capacity as Chelsea Fire                 )          ***4/1/2022***
Department Chief, AND                                     )
THOMAS AMBROSINO, in his official capacity )
as Chelsea City Manager,                                  )
        Defendants.                                   )
)

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Robert Brown ("Brown") hereby alleges Defendants City of Chelsea, Chelsea Fire Department Chief Leonard Albanese, and Chelsea City Manager Thomas Ambrosino ("Defendants"), in their official capacities individually and collectively, violated the Americans with Disabilities Act of 1990, § 2, *et. seq.*, 42 U.S.C.A. §§ 12102, 12112, *et. seq.* ("ADA"), and the Rehabilitation Act of 1973, § 2 *et seq.,* as amended, 29 U.S.C.A. § 701 *et seq.* ("Rehabilitation Act"), by discriminating against Brown based on his physical disability.

## PRELIMINARY STATEMENT

1.      Brown has been a firefighter for the Chelsea Fire Department since 2008, working in the fire suppression division, a mostly physical job.

2.      When Defendants hired Brown, Defendants knew Brown was a disabled veteran of the United States Navy.  The Chelsea Fire Department was aware of Brown's disability and discriminated against Brown due to his disability.

3.     During the course of Brown's employment, Brown exacerbated and acquired a disability while working for Defendants.  Defendants discriminated against Brown due to his exacerbated and acquired disability.

4.     On June 2, 2021, Brown was injured while responding to a fire and subsequently learned he had reaggravated a back fracture that he sustained in 2019 while responding to a fire.

5.     While Brown was on medical leave during summer of 2021 for his fractured back, Defendants repeatedly attempted to prematurely force Brown back to work.  Defendants hired a private investigator to secretly follow Brown and determine if Brown's injury and sick time use was legitimate.

6.     Brown resisted Defendants' undue pressure, and as a result, Defendants refused to grant Brown reasonable accommodations and then accused Brown of insubordination and misrepresenting his back injury, when in fact they do not dispute that he was injured.  Defendants ultimately issued a suspension and double demotion.

## **PARTIES**

7.     Plaintiff Robert Brown is a resident of Massachusetts.

8.     Defendant Leonard Albanese is the Chelsea Fire Department Chief ("Chief Albanese").  He is being sued in his official capacity as Chelsea Fire Department Chief.  His usual place of employment is Chelsea Fire Department Headquarters, 307 Chestnut Street, Chelsea, MA 02150.

9.     Defendant Thomas Ambrosino is the Chelsea City Manager ("City Manager Ambrosino").  He is being sued in his official capacity as Chelsea City Manager.  His usual place of employment is Chelsea City Hall, 500 Broadway, Chelsea, MA 02150.

10.     Defendant City of Chelsea is a Massachusetts municipality with a place of business at 500 Broadway, Chelsea, MA 02150.

## JURISDICTION

11.     Individuals asserting discrimination or failure to accommodate claims under the ADA are required to file an administrative charge with the Equal Employment Opportunity Commission, or alternatively, with an appropriate state or local agency, prior to commencing a civil action. Americans with Disabilities Act of 1990 § 107, 42 U.S.C.A. § 12117.

12.     By letter dated January 28, 2022, the EEOC issued Brown the "right to sue."

13.     To assert a cause of action under the Rehabilitation Act of 1973, § 2 *et seq.,* as amended, 29 U.S.C.A. § 701 *et seq.*, the defendant-employer must receive federal funds.

14.     Defendant City of Chelsea receives federal UASI funds.

## FACTS

15.     On or around September 1, 2019, Brown injured his back while responding to a fire and subsequently took leave for earned sick time and 111F benefits.

16.     While Brown was out on leave, Chief Albanese hired a private investigator, Access Investigations, to follow Brown while he was out on earned sick time and while he was out on 111F benefits to determine if Brown's injury and sick time use was legitimate.   Access Investigations secretly followed Brown on at least the following dates: October 3, 4, 7, 9, 10, and 29, 2019, and November 6, 2019.

17.     Defendants' baseless investigation of Brown failed to prove that Brown committed any wrongdoing.

18.     In or around October 2019, before Brown was fully diagnosed by a doctor, Chief Albanese called Brown's physician's office and demanded Brown's complete lifetime medical

record.  Brown's physician's office refused to succumb to Chief Albanese's harassment, as this was a HIPPA violation, and told Chief Albanese they could only provide information related to Brown's on-duty injury.  Brown's physician's office informed Brown about this incident.

19.     Brown, warned by his doctor's office that Chief Albanese was investigating him, felt pressured to return to work prematurely.  When Brown went back to work at that time, he did not realize he had fractured his back.

20.     A few years later, on June 2, 2021, Brown inflamed his previously fractured back while on duty responding to a fire.

21.     Brown tried to get treatment for his June 2021 back injury.  On or around June 7, 2021, Brown found Access Sports Medicine and Orthopedics ("Access Sports").  That day, June 7, 2021, Brown went to Access.  A physician assistant ("PA") diagnosed Brown with a lumbar strain, recommended he attend physical therapy, and referred Brown for an MRI.

22.     On or around June 21, 2021, Brown learned from his medical provider, a PA from Access Sports, that he had a back fracture that had healed incorrectly and a slipped disk, and he could not appropriately deal with such a severe injury.  Access Sports subsequently outsourced Brown to Coastal Neurosurgery and Spine, which did not have an available appointment until mid-September.

23.      Brown worked with Defendants' workers compensation provider Future Comp, who assisted with finding physical therapy for Brown.  Future Comp also worked with Defendants to determine when Brown could be expected to return to work.

24.     On June 21, 2021, the PA filled out the Chelsea Fire Department Initial/Supplemental Medical Treatment Form and NH Workers' Compensation Medical Form. The PA indicated Brown could not bend, kneel, squat, or climb, but could continue working with

modification.  This form showed Brown had not yet "reached maximum medical improvement" and that it was "undetermined" if Brown's injury caused permanent impairment.

25.     Brown, who was experiencing extreme pain, asked Chelsea Nurse Case Specialist, Kathy Leone, about seeing a specialist sooner than mid-September.  On or around June 29, 2021, Kathy Leone recommended that Brown see Dr. Banco, an orthopedic surgery specialist.

26.     On July 14, 2021, about a month and a half after Brown learned he fractured his back and before Brown saw Dr. Banco to receive a proper diagnosis, Chief Albanese ordered Brown to return to light duty, beginning July 19th, from 8am to 5pm, Monday through Friday.

27.     On July 14, 2021, Brown was already outsourced to Coastal Neurosurgery, but still saw a PA (despite being referred out) to fulfill the medical comp instructions.

28.     On July 14, 2021, the PA filled out another NH Workers' Comp Medical Form. The PA wrote Brown could not climb or reach and could not drive for more than 20 minutes. Wheeler wrote Brown still had not yet "reached maximum medical improvement" and that it was "undetermined" if Brown's injury caused permanent impairment.  On July 14, 2021, Brown submitted the PA's updated Medical Report to Chief Albanese.

29.     On July 15, 2021, Chief Albanese rescinded his order that required Brown to return to light duty, to be potentially re-issued pending Brown's July 28th appointment with Dr. Banco.

30.     On July 28, 2021, Brown attended his first appointment with Dr. Banco, a neuro spine specialist.  Dr. Banco informed Brown he needed a diagnosis before discussing any type of surgery.  At that time, the source of Brown's pain had not yet been identified due to lack of proper diagnosis.  Dr. Banco referred Brown to Dr. Bhat at Orthopaedic Surgical Associates.

31.     While Brown was trying to seek proper medical diagnosis and treatment for his fractured back, Chief Albanese repeatedly demanded that Brown come to the fire station every

5

Wednesday to sign in, in accordance with a sign-in policy for injured firefighters. Brown attempted to engage in an interactive process with Chief Albanese and tried repeatedly to receive an exception to the sign-in policy, pursuant to the Fire Department's established history of leniency when it came to enforcing policies. Chief Albanese refused to treat Brown with the same leniency that other similarly situated firefighters received.

32.     Instead, throughout July and August 2021, the City of Chelsea hired a private investigator, Access Investigations, to secretly follow Brown around. Access Investigations followed Brown on at least the following dates: July 16, 17, 20, 22, 24, 26, 27, 28, 31, August 2, 5, 6, 9, 11, September 6, 7, 9, 13, 15, and 16.

33.     The City's private investigation of Brown, incurring thousands of dollars to secretly follow Brown, is unprecedented for similarly situated employees.

34.      The City's private investigation of Brown was not in accordance with any City policy, procedure, or practice.

35.     The City's private investigation of Brown was baseless, as Defendants did not dispute that Brown fractured his back.

36.     Brown felt his supervisor was unduly rushing his return to duty. Chief Albanese expected Brown to drive to his workplace once a week to sign in, although in the past he had let other similarly positioned employees skip signing in. Brown was reprimanded for not coming to the workplace to sign in, although Chief Albanese knew sitting for long periods of time exacerbated symptoms of Brown's disability.

37.     On or around September 16, 2021, Brown had an appointment with Dr. Bhat and learned that Chelsea Nurse Case Manager Kathy Leone had requested that Brown be issued a return-to-work notice.

6

38.     Defendants and their agents wrongfully contacted Brown's medical providers requesting that they issue Brown back to work orders. Evidence exists to show Brown's supervisor and Future Comp colluded in an attempt to invalidate Brown's disability. Future Comp didn't have Brown's best interests in mind.

39.     Brown's supervisor didn't believe Brown's disability was legitimate as he frequently challenged Brown on its validity, commented on Brown's physical appearance regularly, and went so far as to contact Brown's physician directly to try and obtain information on Brown's conditions.

40.     On or around September 19, 2021, Brown submitted a complaint to Chelsea Human Resources for hostile work environment and harassment and submitted an EEOC complaint.

41.     By letter dated September 29, 2021, Chief Albanese placed Brown on administrative leave pending the outcome of an internal investigation.

42.     By letter dated November 29, 2021, after a disciplinary hearing, City Manager Ambrosino determined Brown misrepresented the extent of his back injury and acted insubordinately because he did not sign-in on four days. Chief Albanese wanted to terminate Brown. City Manager Ambrosino suspended Brown for 6 months and issued Brown a double demotion from the rank of Captain to the rank of Firefighter.

### COUNT I – Violation of the ADA and Rehabilitation Act
### (against Chelsea Fire Department Chief Leonard Albanese)

43.     Brown repeats and re-alleges paragraphs 1 through 42 of the Complaint and asserts them herein.

44.     Chelsea Fire Department Chief Leonard Albanese violated the ADA and Rehabilitation Act by discriminating against Brown based on his physical disability.

45.     When Defendants hired Brown, Defendants knew Brown was a disabled veteran of the United States Navy. Chief Albanese was aware of Brown's disability and discriminated against Brown due to his disability.

46.     Brown was further disabled by a fractured back he sustained while on the job, such physical impairment substantially limited one or more major life activities and, as such, is within the class of persons protected by the ADA and Rehabilitation Act.

47.     Brown is otherwise qualified to perform the essential functions of his job.

48.     Chelsea Fire Department Chief Leonard Albanese knew that Brown sustained a fractured back while on duty but intentionally failed and refused to provide reasonable accommodations in rules, policies, practices, or services, when such accommodations were necessary to afford Brown, a handicapped person, opportunity to exercise his right to injury leave.

49.     Chelsea Fire Department Chief Leonard Albanese treated Brown disparately by intentionally refusing to grant Brown the standard, typical leniency of the department for similarly situated firefighters.

50.     Chelsea Fire Department Chief Leonard Albanese intentionally refused to engage in an interactive process by dismissing Brown's attempts to get an exception for the sign-in policy and dismissing Brown's attempts to receive adequate time to fully recover from his fractured back without any opportunity for open, meaningful discussion.

51.     Chelsea Fire Department Chief Leonard Albanese intentionally attempted to force Brown back to work prematurely in both 2019 and 2021, by, for example, attempting to intimidate and coerce at least two of Brown's physicians.

52.     Chelsea Fire Department Chief Leonard Albanese refused to grant Brown proper medical leave and attempted to terminate Brown.

8

53.     Chelsea Fire Department Chief Leonard Albanese's administrative leave was an adverse employment action caused, in whole or in part, by his skepticism and willful misunderstanding of the nature, extent, and severity of Brown's fractured back, and how Brown's fractured back impacted Brown on a day-to-day basis.

54.     Chelsea Fire Department Chief Leonard Albanese's reasons for disciplining Brown are invalid, as they are pretext for trying to terminate Brown in order to avoid granting Brown reasonable accommodations for his fractured back.

55.     As a direct and proximate result of Chelsea Fire Department Chief Leonard Albanese's unlawful discrimination, Brown has suffered damages, including but not limited to compensatory damages; damages for emotional distress; consequential damages; punitive damages; and attorney's fees, costs, and interest.

## COUNT II - Violation of the ADA and Rehabilitation Act
### (against Chelsea City Manager Thomas Ambrosino)

56.     Brown repeats and re-alleges all preceding paragraphs of the Complaint and asserts them herein.

57.     Chelsea City Manager Thomas Ambrosino violated the ADA and Rehabilitation Act by discriminating against Brown based on his physical disability.

58.     When Defendants hired Brown, Defendants knew Brown was a disabled veteran of the United States Navy.  Chelsea City Manager Ambrosino was aware of Brown's disability and discriminated against Brown due to his disability.

59.     Chelsea City Manager Thomas Ambrosino further intentionally failed and refused to grant Brown a reasonable accommodation in rules, policies, practices, or services, when such accommodations were necessary to afford Brown, a handicapped person, equal opportunity to exercise his right to injury leave.

60.     Chelsea City Manager Thomas Ambrosino intentionally treated Brown disparately by refusing to grant Brown the standard, typical leniency of the department for similarly situated firefighters, and refused to engage in an interactive process.

61.      Chelsea City Manager Thomas Ambrosino's suspension and double demotion constitutes adverse employment action caused, in whole or in part, by his skepticism and willful misunderstanding of the nature, extent, and severity of Brown's fractured back, and how Brown's fractured back impacted Brown on a day-to-day basis.

62.     Chelsea City Manager Thomas Ambrosino's suspension and double demotion constitute failure to permit Brown the right to proper medical leave.

63.     Chelsea City Manager Thomas Ambrosino's reasons for disciplining Brown are invalid, as they are pretext for trying to avoid granting Brown reasonable accommodations for his fractured back.

64.     As a direct and proximate result of Chelsea City Manager Thomas Ambrosino's unlawful discrimination, Brown has suffered damages, including but not limited to compensatory damages; damages for emotional distress; consequential damages; punitive damages; and attorney's fees, costs, interest.

### COUNT III - Violation of the ADA and Rehabilitation Act
### (against all Defendants)

65.     Brown repeats and re-alleges all preceding paragraphs of the Complaint and asserts them herein.

66.     The City of Chelsea, Chelsea Fire Department Chief Leonard Albanese, and Chelsea City Manager Thomas Ambrosino violated the ADA and Rehabilitation Act by discriminating against Brown based on his physical disability.

67.    When Defendants hired Brown, Defendants knew Brown was a disabled veteran of the United States Navy.  Defendants were aware of Brown's disability and discriminated against Brown due to his disability.

68.    Defendants further intentionally discriminated against Brown because of his fractured back and their refusal to grant reasonable accommodations.

69.    Further, Chelsea Fire Department Chief Leonard Albanese colluded with Chelsea Nurse Case Manager Kathy Leone to unduly pressure Brown's doctor to authorize a return to work, as the City never took Brown's injury seriously and were repeatedly dismissive of Brown's attempts to receive proper, thorough treatment from a qualified doctor.

70.    As a direct and proximate result of all Defendants' unlawful discrimination, Brown has suffered damages, including but not limited to compensatory damages; damages for emotional distress; consequential damages; punitive damages; and attorney's fees, costs, interest.

### **REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment in its favor, and against Defendants, as follows:

1.    Grant a declaratory judgment voiding Defendants' disciplinary decisions;

2.    Grant declaratory judgment reinstating Plaintiff to his rank as Captain;

3.    Grant Plaintiff compensatory damages for front and back pay;

4.    Grant Plaintiff punitive damages;

5.    Grant Plaintiff emotional distress damages;

6.    Grant Plaintiff attorney's costs, fees, and interest;

7.    Granting such further relief that the Court deem just and appropriate.

[signature block – next page]

11

Respectfully submitted,
Robert Brown
By his attorney,

*/s/ Kevin P. Polansky*
Kevin P. Polansky (BBO #667229)
kevin.polansky@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 021111
(617) 217-4720
(617) 217-4710 (fax)

Dated:  April 1, 2022

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court   *4/1/2022* |
|---|---|---|
| | | COUNTY  Suffolk Superior Court (Boston) |

| Plaintiff          ROBERT BROWN | Defendant:          CITY OF CHELSEA |
|---|---|
| ADDRESS: | ADDRESS: |
| | |
| Plaintiff Attorney:    Kevin P. Polansky, Esq. | Defendant:          LEONARD ALBANESE, CHELSEA FIRE DEPARTMENT CHIEF |
| ADDRESS:    Nelson Mullins Riley & Scarborough LLP | ADDRESS: |
| One Financial Center, Suite 3500 | |
| Boston, MA 02111 | |
| BBO:          667229 | |
| Plaintiff Attorney: | Defendant:          THOMAS AMBROSINO, CHELSEA CITY MANAGER |
| ADDRESS: | ADDRESS: |
| | |
| | |
| BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES    ☐ NO |

*If "Other" please describe: _____

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES    ☒ NO | ☐ YES    ☒ NO |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date
- 1. Total hospital expenses _____
- 2. Total doctor expenses _____
- 3. Total chiropractic expenses _____
- 4. Total physical therapy expenses _____
- 5. Total other expenses (describe below) _____

Subtotal (1-5):  **$0.00**

B. Documented lost wages and compensation to date _____
C. Documented property damages to date _____
D. Reasonably anticipated future medical and hospital expenses _____
E. Reasonably anticipated lost wages _____
F. Other documented items of damages (describe below) _____

TOTAL (A-F):  **$0.00**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Violation of the ADA and Rehabilitation Act | |
| | Total | |

| Signature of Attorney/Unrepresented Plaintiff: X | Date: | April 1, 2022 |
|---|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

NONE

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X | Date: | April 1, 2022 |
|---|---|---|

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality \***

AA1 Contract Action involving Commonwealth,
  Municipality, MBTA, etc.                (A)
AB1 Tortious Action involving Commonwealth,
  Municipality, MBTA, etc.                (A)
AC1 Real Property Action involving
  Commonwealth, Municipality, MBTA, etc. (A)
AD1 Equity Action involving Commonwealth,
  Municipality, MBTA, etc.                (A)
AE1 Administrative Action involving
  Commonwealth, Municipality, MBTA,etc. (A)

**CN Contract/Business Cases**

A01 Services, Labor, and Materials        (F)
A02 Goods Sold and Delivered              (F)
A03 Commercial Paper                      (F)
A04 Employment Contract                   (F)
A05 Consumer Revolving Credit - M.R.C.P. 8.1 (F)
A06 Insurance Contract                    (F)
A08 Sale or Lease of Real Estate          (F)
A12 Construction Dispute                  (A)
A14 Interpleader                          (F)
BA1 Governance, Conduct, Internal
  Affairs of Entities                     (A)
BA3 Liability of Shareholders, Directors,
  Officers, Partners, etc.                (A)
BB1 Shareholder Derivative                (A)
BB2 Securities Transactions               (A)
BC1 Mergers, Consolidations, Sales of
  Assets, Issuance of Debt, Equity, etc.  (A)
BD1 Intellectual Property                 (A)
BD2 Proprietary Information or Trade
  Secrets                                 (A)
BG1 Financial Institutions/Funds          (A)
BH1 Violation of Antitrust or Trade
  Regulation Laws                         (A)
A99 Other Contract/Business Action - Specify (F)

\* Choose this case type if ANY party is the
Commonwealth, a municipality, the MBTA, or any
other governmental entity UNLESS your case is a
case type listed under Administrative Civil Actions
(AA).

† Choose this case type if ANY party is an
incarcerated party, UNLESS your case is a case
type listed under Administrative Civil Actions (AA)
or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

D01 Specific Performance of a Contract     (A)
D02 Reach and Apply                        (F)
D03 Injunction                             (F)
D04 Reform/ Cancel Instrument              (F)
D05 Equitable Replevin                     (F)
D06 Contribution or Indemnification        (F)
D07 Imposition of a Trust                  (A)
D08 Minority Shareholder's Suit            (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting                             (A)
D11 Enforcement of Restrictive Covenant    (F)
D12 Dissolution of a Partnership           (F)
D13 Declaratory Judgment, G.L. c. 231A     (A)
D14 Dissolution of a Corporation           (A)
D99 Other Equity Action                    (F)

**PA Civil Actions Involving Incarcerated Party †**

PA1 Contract Action involving an
  Incarcerated Party                       (A)
PB1 Tortious Action involving an
  Incarcerated Party                       (A)
PC1 Real Property Action involving an
  Incarcerated Party                       (F)
PD1 Equity Action involving an
  Incarcerated Party                       (F)
PE1 Administrative Action involving an
  Incarcerated Party                       (F)

**TR Torts**

B03 Motor Vehicle Negligence - Personal
  Injury/Property Damage                   (F)
B04 Other Negligence - Personal
  Injury/Property Damage                   (F)
B05 Products Liability                     (A)
B06 Malpractice - Medical                  (A)
B07 Malpractice - Other                    (A)
B08 Wrongful Death - Non-medical           (A)
B15 Defamation                             (A)
B19 Asbestos                               (A)
B20 Personal Injury - Slip & Fall          (F)
B21 Environmental                          (F)
B22 Employment Discrimination              (F)
BE1 Fraud, Business Torts, etc.            (A)
B99 Other Tortious Action                  (F)

**RP Summary Process (Real Property)**

S01 Summary Process - Residential          (X)
S02 Summary Process - Commercial/
  Non-residential                          (F)

**RP Real Property**

C01 Land Taking                            (F)
C02 Zoning Appeal, G.L. c. 40A             (F)
C03 Dispute Concerning Title               (F)
C04 Foreclosure of a Mortgage              (X)
C05 Condominium Lien & Charges             (X)
C99 Other Real Property Action             (F)

**MC Miscellaneous Civil Actions**

E18 Foreign Discovery Proceeding           (X)
E97 Prisoner Habeas Corpus                 (X)
E22 Lottery Assignment, G.L. c. 10, § 28   (X)

**AB Abuse/Harassment Prevention**

E15 Abuse Prevention Petition, G.L. c. 209A  (X)
E21 Protection from Harassment, G.L. c. 258E (X)

**AA Administrative Civil Actions**

E02 Appeal from Administrative Agency,
  G.L. c. 30A                              (X)
E03 Certiorari Action, G.L. c. 249, § 4    (X)
E05 Confirmation of Arbitration Awards     (X)
E06 Mass Antitrust Act, G.L. c. 93, § 9    (X)
E07 Mass Antitrust Act, G.L. c. 93, § 8    (X)
E08 Appointment of a Receiver              (X)
E09 Construction Surety Bond, G.L. c. 149,
  §§ 29, 29A                               (A)
E10 Summary Process Appeal                 (X)
E11 Worker's Compensation                  (X)
E16 Auto Surcharge Appeal                  (X)
E17 Civil Rights Act, G.L. c.12, § 11H     (A)
E24 Appeal from District Court
  Commitment, G.L. c.123, § 9(b)           (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c. 265, § 56          (X)
E95 Forfeiture, G.L. c. 94C, § 47          (F)
E99 Other Administrative Action            (X)
Z01 Medical Malpractice - Tribunal only,
  G.L. c. 231, § 60B                       (F)
Z02 Appeal Bond Denial                     (X)

**SO Sex Offender Review**

E12 SDP Commitment, G.L. c. 123A, § 12     (X)
E14 SDP Petition, G.L. c. 123A, § 9(b)     (X)

**RC Restricted Civil Actions**

E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
E27 Minor Seeking Consent, G.L. c.112, § 12S(X)

### TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES  ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

| **Summons** | CIVIL DOCKET NO.<br><br>2284CV00716 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

**3**

| CASE NAME: | |
|---|---|
| ROBERT BROWN | Michael Joseph Donovan — Clerk of Courts |
| _Plaintiff(s)_ | Suffolk — County |
| vs. | COURT NAME & ADDRESS: |
| CITY OF CHELSEA, LEONARD ALBANESE, in his official capacity as Chelsea Fire Department Chief, and THOMAS AMBROSINO, in his official capacity as Chelsea City Manager _Defendant(s)_ | SUPERIOR CIVIL COURT<br>SUFFOLK COUNTY COURTHOUSE<br>THREE PEMBERTON SQ. 12th Floor<br>BOSTON, MASSACHUSETTS 02108 |

THIS SUMMONS IS DIRECTED TO   CITY OF CHELSEA   (Defendant's name)

<u>You are being sued.</u> The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the   Suffolk Superior   Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. <u>**You must respond to this lawsuit in writing within 20 days.**</u>
If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**
To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk Superior Court Three Pemberton Sq., 12th Floor, Boston, MA 02108 (address), by mail or in person **AND**

    b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Kevin P. Polansky, Esq., Nelson Mullins Riley & Scarborough LLP, One Financial Center, Suite 3500, Boston, MA 02111

3. **What to Include in Your Response.**
An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

### 5. Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger                , Chief Justice on      April 12              , 20 22  . (Seal)

Clerk-Magistrate  *Michael Joseph Donovan*

Michael Joseph Donovan

Note: The number assigned to the Complaint by the Clerk Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

PROOF OF SERVICE OF PROCESS

---



**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

April 29, 2022

I hereby certify and return that on 4/21/2022 at 10:31 AM I served a true and attested copy of the Summons, Complaint, Cover Sheet and Tracking Order in this action in the following manner: To wit, by delivering in hand to Carmen Vega, agent and person in charge at the time of service for City of Chelsea at 500 Broadway Chelsea, MA 02150 . In this service hereof it was necessary and I actually used a motor vehicle 8 miles.   Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Conveyance ($2.40) Postage and Handling ($1.00) Travel ($5.12) Total: $43.52

Deputy Sheriff  Robert Foscaldo

*Deputy Sheriff*

Date:

rev. 1/2019

**4**

| | | |
|---|---|---|
| **Summons** | CIVIL DOCKET NO.<br>**2284CV00716** | **Trial Court of Massachusetts**<br>**The Superior Court** |

| CASE NAME:<br><br>ROBERT BROWN<br><br>                       **Plaintiff(s)**<br><br>        VS.<br><br>CITY OF CHELSEA, LEONARD ALBANESE, in his<br>official capacity as Chelsea Fire Department<br>Chief, and THOMAS AMBROSINO, in his official<br>capacity as Chelsea City Manager    **Defendant(s)** | Michael Joseph Donovan     Clerk of Courts<br>**Suffolk**         County<br>COURT NAME & ADDRESS:<br><br>SUPERIOR CIVIL COURT<br>SUFFOLK COUNTY COURTHOUSE<br>THREE PEMBERTON SQ. 12th Floor<br>BOSTON, MASSACHUSETTS 02108 |

THIS SUMMONS IS DIRECTED TO    LEONARD ALBANESE, in his    (Defendant's name)
official capacity as Chelsea Fire Department Chief

<u>You are being sued.</u> The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the  Suffolk Superior   Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. <u>You must respond to this lawsuit in writing within 20 days.</u>
If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**
To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
     a) Filing your **signed original** response with the Clerk's Office for Civil Business,  Suffolk Superior  Court
Three Pemberton Sq., 12th Floor, Boston, MA    (address). by mail or in person **AND**
                                 02108
     b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
Kevin P. Polansky, Esq., Nelson Mullins Riley & Scarborough LLP, One Financial Center, Suite 3500, Boston, MA 02111

3. **What to Include in Your Response.**
An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules-of-court

## 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

## 5. Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger _____ , Chief Justice on ___April 12___ , 20 22 . (Seal)

Clerk-Magistrate _Michael Joseph Donovan_

Michael Joseph Donovan

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

## PROOF OF SERVICE OF PROCESS



**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

April 29, 2022

I hereby certify and return that on 4/21/2022 at 10:31 AM I served a true and attested copy of the Summons, Complaint, Cover Sheet and Tracking Order in this action in the following manner: To wit, by delivering in hand to Carmen Vega, agent and person in charge at the time of service for Leonard Albanese, in his official capacity as Chelsea Fire Department at 500 Broadway Chelsea City Hall Chelsea, MA 02150 . In this service hereof it was necessary and I actually used a motor vehicle 8 miles.   Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Postage and Handling ($1.00) Total: $36.00

Deputy Sheriff  Robert Foscaldo

_____
Deputy Sheriff

Date: _____

rev. 1/2019

5

| **Summons** | CIVIL DOCKET NO.<br>2284CV00716 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br><br>ROBERT BROWN<br><br> Plaintiff(s) <br>VS.<br><br>CITY OF CHELSEA, LEONARD ALBANESE, in his<br>official capacity as Chelsea Fire Department<br>Chief, and THOMAS AMBROSINO, in his official<br>capacity as Chelsea City Manager     Defendant(s) | Michael Joseph Donovan            Clerk of Courts<br><br>Suffolk                                    County<br>COURT NAME & ADDRESS:<br><br>SUPERIOR CIVIL COURT<br><br>SUFFOLK COUNTY COURTHOUSE<br><br>THREE PEMBERTON SQ. 12th Floor<br><br>BOSTON, MASSACHUSETTS 02108 |
|---|---|

THIS SUMMONS IS DIRECTED TO <u>THOMAS AMBROSINO, in his</u>     (Defendant's name)
                                                             <u>official capacity as Chelsea City Manager</u>

<u>You are being sued.</u> The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed

against you is attached to this summons and the original complaint has been filed in the  Suffolk Superior    Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. <u>You must respond to this lawsuit in writing within 20 days.</u>

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint.

You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to

resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing**

**from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court <u>and</u> mail a copy to the Plaintiff's Attorney (or the

Plaintiff, if unrepresented). You can do this by:

        a) Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk Superior    Court
Three Pemberton Sq., 12th Floor, Boston, MA     (address), by mail or in person **AND**
                                                                    02108

        b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
Kevin P. Polansky, Esq., Nelson Mullins Riley & Scarborough LLP, One Financial Center,
Suite 3500, Boston, MA 02111

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s)

alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or

you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that

are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer.

Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case

        heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger _____ , Chief Justice on _April 12_____ , 20 _22_ . (Seal)

Clerk-Magistrate *Michael Joseph Donovan*
          Michael Joseph Donovan

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

PROOF OF SERVICE OF PROCESS



**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

April 29, 2022

I hereby certify and return that on 4/21/2022 at 10:31 AM I served a true and attested copy of the Summons, Complaint, Cover Sheet and Tracking Order in this action in the following manner: To wit, by delivering in hand to Carmen Vega, agent and person in charge at the time of service for Thomas Ambrosino, in his official capacity as Chelsea City Manager at 500 Broadway City Hall Revere, MA 02151 . In this service hereof it was necessary and I actually used a motor vehicle 8 miles.   Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Postage and Handling ($1.00) Total: $36.00

Deputy Sheriff  Robert Foscaldo

_____
                                *Deputy Sheriff*

Date:

rev. 1/2019